IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIE MURRY
a/k/a JuQuan Demetrices Muhammad                                                                        PLAINTIFF
ADC #097878

v.                                              4:24-cv-00673-BRW-JJV

ROBIN LASHAY COLLINS,
Mailroom Supervisor Services Coordinator,
Tucker Max Security Unit; *et al.*                                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.  DISCUSSION**

Willie Murry, who is also known as JuQan Demetrices Muhammad ("Plaintiff"), is a prisoner in the Arkansas Division of Correction ("ADC"). In August 2024, he filed a confusing Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) On October 10, 2024, I entered an Order saying I construed the Complaint as alleging Defendants Mailroom Supervisor Collins, Captain Johnson, and Sergeant Besely violated Plaintiff's constitutional rights by: (1) taking or losing a book manuscript he had written; (2) improperly taking money from his institutional account for postage to mail his manuscript to a publisher; (3) improperly processing his grievances,

(4) failing to send unspecified legal mail to a court and the Arkansas Claims Commission, and (5) infringing his equal protection rights.  (Doc. 8.)  I then explained to Plaintiff why he failed to plead plausible claims for relief, gave him thirty days to file an Amended Complaint curing the pleading deficiencies and/or clarifying his claims, and warned him this case would be dismissed without prejudice if he did not timely do so.  The time to file an Amended Complaint has expired.  Therefore, after careful consideration, I recommend the Complaint be dismissed for the following reasons.[1]

First, a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss.  *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Here, Plaintiff can file a claim for reimbursement with the Arkansas Claims Commission for the funds he believes Defendants improperly withdrew from his inmate account and/or for the loss of his manuscript.  *See Williams v. Campbell*, Case No. 00–3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001); *McClinton v. Ark. Dept. Corr.,* Case No. 05–2498, 2006 WL 304470 (8th Cir. Feb. 9, 2006).  Because Plaintiff has that adequate post-deprivation remedy available to him under Arkansas law, he has not pled a viable due process claim.

Second, a prisoner does not have a constitutional right to have his grievances properly processed.  *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002)*; Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  While such interference can be relevant if a defendant later raises a lack

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

of exhaustion defense, it is not a plausible claim or basis for recovery. *See* 42 U.S.C. § 1997e(a) (a prisoner is only required to exhaust "available" administrative remedies). Thus, he has not pled a plausible claim regarding the handling of his grievances.

Third, prisoners do have a constitutional right to access the court. *See Christopher v. Harbury*, 536 U.S. 403, 415, n.12 (2002); *Johnson v. Avery*, 393 U.S. 483 (1969). However, to plead a plausible access to the courts claim, there must be facts suggesting the prisoner was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015); *see also Cody v. Weber*, 256 F.3d 764, 768-70 (8th Cir. 2001). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey,* 518 U.S. 343, 348-49 (1996); *see also Hartsfield v. Nichols,* 511 F.3d 826, 831-32 (8th Cir. 2008); *Johnson v. Hamilton,* 452 F.3d 967, 974 (8th Cir. 2006). Although I have given him the opportunity to do so, Plaintiff has not explained what he attempted to mail to a court and/or the claims commission or how he was actually injured. And it is unclear which of the named Defendants personally participated in that alleged constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Accordingly, Plaintiff has not pled a plausible access to the courts claim.

Finally, Plaintiff says, without any explanation, that his equal protection rights were violated. (Doc. 1 at 7.) To plead a plausible equal protection claim, there must be facts suggesting Defendants intentionally treated Plaintiff differently than similarly situated prisoners. *Nolan v. Thompson,* 521 F.3d 989, 989-90 (8th Cir. 2008); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807,

3

815, 816 (8th Cir. 2008).  Because he has not provided that information, Plaintiff has not pled a plausible equal protect claim.  *See Iqbal,* 556 U.S. at 678 ("labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim; instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").

**II.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that;

1.    The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.    The Court recommend dismissal count, in the future, as a strike for purposes of 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 13th day of November 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE